**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                                                       No. CIV 12-464 MCA/LFG
                                                                                 No. CR 06-1833 MCA

WINGROVE E. MICHAEL,

        Defendant/Movant.

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on the Magistrate Judge's Findings and Recommended Disposition ("findings and recommendations") [Doc. 10], filed August 27, 2012, proposing dismissal of this action, with prejudice. More specifically, the Magistrate Judge found, *inter alia,* that Defendant/Movant Wingrove E. Michael ("Michael") failed to satisfy his burden of showing his trial attorney provided ineffective assistance under <u>Strickland</u> or that counsel committed cumulative error. Therefore, the Magistrate Judge recommended that Michael's claims be denied and that the entire matter be dismissed, with prejudice. In addition, the Magistrate Judge recommended that a Certificate of Appealability not issue because Michael failed to make a substantial showing that he was denied a constitutional right.

On November 26, 2012, Michael filed timely objections.[1] [Doc. 15.] The Court conducted a *de novo* review of those portions of the Magistrate Judge's findings and recommendations to which Michael objects. The Court overrules Michael's objections for the reasons explained below.

### **Michael's Objections**

1.  **Probable Cause as to Application for Search Warrant**

One of Michael's ineffective assistance of counsel claims relied on allegations that while this Court excluded from trial all evidence of any "human odor of marijuana," such evidence should not have been allowed to comprise any part of the earlier probable cause determination for the search warrant. Thus, according to Michael, his attorney's failure to raise an objection to the evidence allowed to support the search warrant was deficient.

Michael now sets forth the same argument in his objections:

> . . . . the mere inclusion of inadmissible evidence did not affect the Honorable Court at trial, but, at the time the application for a search warrant was submitted to a local district attorney's office and a state judge, the inclusion of statements regarding human detection of marijuana odor may have influenced the decision makers in granting approval for such warrant.

[Doc. 15, at 4.] In his findings and recommendations, the Magistrate Judge considered this very argument, found it unpersuasive, and proposed that the ineffective assistance of counsel claim be denied.

In rejecting Michael's argument, the Magistrate Judge observed that this Court held an evidentiary hearing regarding the suppression of evidence related to human odor of marijuana and

---

[1] The Court granted several extensions of time to Michael based on his assertions that he had not received certain pleadings. [Doc. Nos. 11-14.] Michael included, in a single pleading, timely objections and a reply to the government's response to his petition. [Doc. 15.] In resolving the objections, the Court considered Michael's "full argument," including his reply. [*See* Doc. 15, at 3.]

2

made thorough findings as to whether officers had probable cause to inspect the trailer's interior irrespective of the human odor evidence. [Doc. 10, at ¶¶ 15-16.] At the hearing, the Court heard all of the evidence and found that the officer's observation of the features and measurements suggesting a false front wall in the trailer, combined with the irregularities in the logbook and bill of lading, the presence of an illegal radar detector in the tractor, the absence of a full load in the trailer, and the anomaly of carrying three crates identified as "tools" in a refrigerated trailer, gave the officers probable cause to seize the trailer and conduct a more thorough search of its contents. In other words, sufficient evidence existed, without consideration of the officers' testimony that they could smell marijuana in the trailer, to support the probable cause finding. [*See* Doc. 10, at ¶ 17 (*citing* United States v. Michael, 2007 WL 2712964 (D.N.M. June 22, 2007) (unpublished).]

In affirming Michael's conviction, the Tenth Circuit Court of Appeals noted that no evidence was admitted at trial as to whether one of the officers who inspected the trailer could detect the smell of marijuana in it. United States v. Michael, 411 F. App'x 167 (10th Cir. Feb. 4, 2011 (unpublished). The Circuit Court found that the trial court "cured any possible prejudice to Michael by suppressing all evidence the government could otherwise introduce concerning human ability to detect the marijuana's odor." Id. at 172.

The Magistrate Judge's recommendations carefully tracked all of the above procedural history, along with this Court's findings at the suppression hearing and the Tenth Circuit's affirmance. In addition, the Magistrate Judge repeated this Court's conclusion that while the officers already had probable cause to search the trailer under the automobile exception to the warrant requirement, the officer still delayed a search until obtaining a warrant. [Doc. 10, at ¶ 18.]

Michael provides no new grounds to support his argument that the Magistrate Judge committed error "by assuming what the presiding state judge would have done, if the supporting statements [re: odor of marijuana] . . . were not included in the original affidavit." [Doc. 15, at 4.] The Court concludes that Michael merely repeated the same argument already fully addressed and rejected by the Magistrate Judge. Thus, the objection is overruled.

### 2. No Authority under New Mexico Law for the Search

Michael "concedes that once a search warrant was obtained, law enforcement was granted authority to search [his] cargo." [Doc. 15, at 5, 6.] However, he contends that if the Court concludes that the search warrant was invalid "due to the reliance on inadmissible human odor detection," New Mexico statutes do not authorize the opening and inspection of the individual crates of cargo. [Id. at 5.]

Stated differently, Michael's second objection to the findings and recommendations depends on the Court's ruling as to his first objection. Because the Court overruled Michael's objections as to the validity of the search warrant, it follows that Michael's second argument fails. The objection is overruled as it relies on an objection the Court already rejected.

### 3. Errors Concerning Belt Tapes

Michael argued that his attorney was ineffective based on allegations that his attorney lied to him about having subpoenaed the Department of Public Safety for the officer's audio recordings from his belt tapes and trial counsel's failure to raise this issue on appeal. In rejecting this position, the Magistrate Judge observed that Michael relied only on summary argument that the audio recordings, to the extent they existed, were significant and that they would have impeached the officer's testimony. [Doc. 10, at ¶ 28.]

In support of the findings, the Magistrate Judge further noted that this Court conducted an extensive evidentiary hearing concerning the occurrences during the safety inspection and search of the trailer. Based on this Court's findings, the Magistrate Judge appropriately observed that "[t]here is no dispute as to what occurred at the port of entry of the communications between officers and Michael." [Id.] In addition, the Magistrate Judge commented that Michael provided no evidence as to what specific statements would have been used from the belt tapes to impeach the officer or how the belt tapes might have helped Michael. [Id., at ¶ 30.]

In his objections, Michael states the question remains as to why law enforcement does not want to submit the belt tape recordings. However, the question alone does not demonstrate that there was evidence on the belt tape recordings that would have assisted Michael. He, again, provides only conclusory and unsupported argument that the belt tapes would have made it apparent that "the stoppage of [Michael] was anything but random." Michael does not state why it would have been apparent. He contends that the tape recordings would have shown how the canine did not respond without human interference. It is difficult to fathom how belt tapes would have supported Michael's position, based on nothing more than summary argument. Moreover, the United States pointed out that it was not clear that the tapes ever existed. Even if pertinent, one cannot produce something that does not exist.

The Court overrules Michael's objections as to the belt tape recordings and his continuing argument that counsel was ineffective for failing to obtain the belt tapes.

### 4. **Cumulative Error by Counsel**

The Magistrate Judge explained that it was unclear whether Michael intended to assert a claim of cumulative error by counsel, but that if he did, any such claim would fail. This was true,

in part, because trial counsel was partially successful on some of the many motions he filed and also because the Magistrate Judge already found counsel had not been ineffective. [Id., at ¶ 34.]

Michael's objections do not actually state he intended to raise such a claim. Instead, he argues primarily that he identified "numerous cumulative errors." This is insufficient. The Court overrules any objections as to the Magistrate Judge's findings that there was no cumulative error.

With respect to the ineffective assistance of counsel claims, Michael did not provide evidence sufficient to overcome the strong presumption that his attorneys' actions were reasonable or that there was a reasonable probability that, but for alleged errors by counsel, the result of trial or sentencing would have been different.

Therefore, the Court agrees with the Magistrate Judge's findings and recommendations and overrules all of Michael's objections for the reasons stated above.

IT IS THEREFORE ORDERED that the Magistrate Judge's findings and recommendations are adopted by the Court, that no Certificate of Appealability shall issue, and that Mr. Michael's § 2255 motion [Doc. 1] and this action are dismissed, with prejudice.

**Dated this 31st day of December, 2012.**

                                                       UNITED STATES DISTRICT COURT